UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Metrom Rail, LLC,<br>Plaintiff,<br>v.<br>Hitachi Rail GTS USA, Inc. and Piper Networks, Inc.,<br>Defendants. | Case No. 1:23-cv-02920-DLC |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Metrom Rail, LLC ("Plaintiff" or "Metrom") and Defendants Hitachi Rail GTS USA, Inc. and Piper Networks, Inc. ("Defendants") (all collectively, "the Parties") anticipate that documents, testimony, or information containing or reflecting trade secrets, confidential research and development or commercial information, private health information, or private personal information, the disclosure of which is likely to cause harm to the party producing such information, is likely to be disclosed or produced, and/or has been disclosed or produced. The Parties agree that this Order shall apply to and govern the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, or summaries of documents ("Discovery Material")

produced by any Party or non-party in this litigation. Accordingly, the Parties respectfully request the Court enter this Order setting forth the conditions for, treating, obtaining, and use of such information

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for, and hereby issues, the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"):

## I. DEFINITIONS

a. "Party" means a named party in this case.

b. "Person" means an individual or an entity.

c. "Designating Party" means a party or third-party designating information produced via the discovery process in this case as Confidential or Highly Confidential – Attorneys' Eyes Only under this Stipulated Protective Order.

d. "Receiving Party" means a party or third-party who receives information produced via the discovery process in this litigation.

e. "Confidential" information is information concerning a Designating Party's personal information, business operations, financial records, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Designating Party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a

Person or to a Court. Confidential Information also means an individual's private or personal information.

f. "Highly Confidential – Attorneys' Eyes Only" information is information concerning a Designating Party's (i) trade secrets, (ii) operating, management or other proprietary agreements, (iii) confidential business ownership information, (iv) business financial records or projections, (v) proprietary information and technical specifications, (vi) confidential strategic business plans and projections, (vii) employee information, or (viii) information that is subject to an express obligation of confidentiality owed by the Designating Party to a third-party, the disclosure of which the Designating Party reasonably and in good faith believes would severely harm its competitive position.

g. "Outside Expert" means an expert or consultant and their staff whom a party employs for purposes of this litigation only, including electronic discovery vendors.

h. Information is not Confidential or Highly Confidential – Attorneys' Eyes Only if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Designating Party disclosed it, or is or becomes known to the Receiving Party by means not constituting a breach of this Order or any other legal or contractual obligation not to disclose the information. Information is likewise not Confidential or Highly

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 5 of 22

Confidential – Attorneys' Eyes Only if a Person lawfully obtained it independently of this litigation.

i. "Confidential Discovery Material" is material produced via the discovery process in this litigation as Confidential or Highly Confidential – Attorneys' Eyes Only.

## II. DESIGNATION OF INFORMATION AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

a. A Designating Party's designation of information as Confidential or Highly Confidential – Attorneys' Eyes Only means that the Designating Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A Designating Party designates information in a document or thing as Confidential or Highly Confidential – Attorneys' Eyes Only by clearly and prominently marking it on its face as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or by designating the material as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only" in accompanying correspondence, emails, or similar transmissions. A Designating Party may make documents or things containing Confidential or Highly Confidential – Attorneys' Eyes Only information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Designating Party causes copies

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 6 of 22

of the documents or things to be marked as Confidential or Highly Confidential – Attorneys' Eyes Only before providing them to the Receiving Party.

c. A Designating Party designates information in deposition testimony as Confidential or Highly Confidential – Attorneys' Eyes Only by stating on the record at the deposition that the information is Confidential or Highly Confidential – Attorneys' Eyes Only or by advising the opposing Party and the stenographer and videographer in writing, within thirty (30) days after receipt of the final deposition transcript, that the information is Confidential or Highly Confidential – Attorneys' Eyes Only. Unless otherwise agreed, all deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the thirty-day period. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the cover.

d. All Confidential Discovery Material in the form of software or digital material stored on an electronic storage device shall be designated by affixing either a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" legend on the device itself, by electronically stamping one of these legends on each page or portion thereof, or by designating the material as Confidential or as Highly Confidential – Attorneys' Eyes Only in accompanying correspondence, emails, or similar transmissions.

e. A Designating Party's failure to designate a document, thing, or testimony as Confidential or Highly Confidential – Attorneys' Eyes Only does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

f. In the event any Designating Party produces Confidential Discovery Material that has not been correctly designated, the Designating Party may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information. The parties shall treat such information in accordance with this Stipulated Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation.

g. A Designating Party who has designated information as Confidential or Highly Confidential – Attorneys' Eyes Only may withdraw the designation by written notification to all Parties in the case.

h. If a Receiving Party disputes a Designating Party's designation of information as Confidential or Highly Confidential – Attorneys' Eyes Only, the Receiving Party shall notify the Designating Party in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 8 of 22

is disputed and proposing a new designation for such materials. The Receiving Party and the Designating Party shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the objecting Receiving Party may then file a motion to re-designate the Confidential Discovery Material in dispute. The objecting Receiving Party bears the burden of proving that the information was not properly designated as Confidential or Highly Confidential – Attorneys' Eyes Only. The information shall remain subject to the Confidential or Highly Confidential – Attorneys' Eyes Only designation until the Court rules on the dispute. A Receiving Party's failure to contest a designation of information as Confidential or Highly Confidential – Attorneys' Eyes Only is not an admission that the information was properly designated as such. Furthermore, nothing contained herein shall preclude the Parties or a person from asserting any available objection, or seeking any available protection with respect to any Confidential Discovery Material, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

## III. USE AND DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL

a. Confidential Discovery Material may be used exclusively for purposes of this litigation, or any related appellate proceeding, subject to the restrictions of this order.

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 9 of 22

b. Absent written permission from the Designating Party or further order by the Court, the Receiving Party may not disclose Confidential Information to any Person other than the following:

i. Officers, directors, employees, consultants, or In-House Counsel of any Party responsible for management or oversight of this litigation, including their support staff who are reasonably necessary to assist such counsel, so long as such officers, directors, employees, consultants, or In-House Counsel have signed an undertaking in the form of Appendix 1 to this Order, but only to the extent necessary to allow them to provide that assistance;

ii. Outside counsel for the Receiving Party, including their clerical, litigation support, and paralegal employees;

iii. Subject to the provisions of Paragraph III(d) of this Order, Outside Experts;

iv. Any person who, based on the face of the Confidential document, as established through specific documentary or testimonial evidence or as agreed to by the Designating Party, authored or previously received a copy of said document;

v. The court reporter, stenographer or videographer retained by any Party to record a deposition or court hearing;

vi. Any outside copy services or litigation support services whose function necessitates access to material designated as Confidential Discovery Material under this Protective Order;

vii. The Court, its personnel, officers, court stenographers, and any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

viii. Any mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that: (a) the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or (b) all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity; and

ix. The list of persons to whom Confidential information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Parties to this action without the necessity of modifying this Stipulated Protective Order.

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 11 of 22

c. Absent written permission from the Designating Party or further order by the Court, the Receiving Party may not disclose Highly Confidential – Attorneys' Eyes Only information to any Person other than the following:

i. Outside Counsel (*see* III(b)(ii));

ii. Subject to the provisions of Paragraph III(d) of this Order, Outside Experts (*see* III(b)(iii));

iii. Court reporters, stenographers or videographers (*see* III(b)(v));

iv. Any outside copy services or litigation support services (*see* III(b)(vi));

v. The Court, its personnel and those persons designated by the Court to view Highly Confidential – Attorneys' Eyes Only information (*see* III(b)(vii));

vi. Any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (*see* III(b)(viii)); and

vii. Any person who, based on the face of the Highly Confidential – Attorneys' Eyes Only document, as established through specific documentary or testimonial evidence or as agreed to by the Designating Party, authored or previously received a copy of said document.

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 12 of 22

viii. The list of persons to whom Highly Confidential – Attorneys' Eyes Only information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Parties to this action without the necessity of modifying this Stipulated Protective Order.

d. A Party may not disclose Confidential Discovery Material to an Outside Expert pursuant to Paragraphs III(b) or III(c) of this Order until after the Outside Expert has signed an undertaking in the form of Appendix 1 to this Order. The Party obtaining the undertaking must serve it on all other Parties within ten days after its execution. At least ten days before the first disclosure of Confidential Discovery Material to an Outside Expert, the Party proposing to make the disclosure must serve the Designating Party with a written identification of the Outside Expert and a copy of his or her curriculum vitae. If the Designating Party has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the Parties resolve the dispute within ten days after service of the objection, the Designating Party must move the Court promptly for a ruling, and the Confidential Discovery Material may not be disclosed to the expert or consultant without the Court's approval.

e. A Party may not disclose information designated by another Party as Confidential or Highly Confidential – Attorneys' Eyes Only to persons allowed to view such materials under Paragraphs III(b)(iv) and (ix) and Paragraphs III(c)(vii) and (viii) until that person has signed and agreed to the provisions set forth in Appendix 1 to this Order. Counsel for the Party providing such access shall be responsible for obtaining and maintaining the signed agreement.

f. A Party may not disclose information designated by another Party as Confidential or Highly Confidential – Attorneys' Eyes Only to any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (as described in Paragraphs III(b)(viii) and III(c)(vi)) until that person has signed and agreed to the provisions set forth in Appendix 1 to this Order or the substantial equivalent thereof. Counsel for the Party providing such access shall be responsible for obtaining and maintaining the signed agreement.

g. Any Party may disclose its own Confidential or Highly Confidential – Attorneys' Eyes Only information in any manner. Such disclosures shall not be deemed a waiver of the terms of this Order unless such disclosure is public in nature.

h. A Party who wishes to disclose Confidential Discovery Material to a Person not authorized under Paragraphs III(b) or III(c) of this Order must first make a reasonable attempt to obtain the Designating Party's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 14 of 22

i. If Confidential Discovery Material is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process in connection with another proceeding, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the Receiving Party must promptly give written notice of such process or discovery request together with a copy thereof, to counsel for the Designating Party, in addition to following the other provisions of this section. The Designating Party may move against the subpoena or other process, or oppose entry of any order by a court of competent jurisdiction compelling production of the Confidential Discovery Material, or take any other lawful action to challenge or oppose the request. If the Designating Party objects or moves against the subpoena or other process, the Party receiving the subpoena or process shall not produce Confidential Discovery Material before the actual due date for compliance, and shall not object to or interfere with any effort by the Designating Party to seek a prompt judicial determination of the Designating Party's motion or objection before compliance is required.

j. Absent the written consent of the Designating Party, any individual who receives access to a Designating Party's Highly Confidential – Attorneys' Eyes Only information shall not be involved in the prosecution of patents or patent applications

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 15 of 22

concerning the field of rail vehicle control systems, including but not limited to signal enforcement and separation control utilizing ultra wideband communications, for the Recipient or its acquirer, successor, predecessor, or other affiliate during the pendency of this litigation and for two (2) years following the entry of a final, non-appealable judgment or order, or the complete settlement of all claims and dismissal with or without prejudice, in this litigation. To ensure compliance with the purpose of this provision, each Party shall create and maintain an "Ethical Wall" between any individuals who receive access to a Designating Party's Highly Confidential – Attorneys' Eyes Only information and any individuals who, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent or patent application concerning the field of rail vehicle control systems, including but not limited to signal enforcement and separation control utilizing ultra wideband communications. For purposes of this provision, "prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or inter partes review proceedings to challenge or defend the validity of the patent(s)-in-suit, provided that such counsel shall not participate in any way in the formulation or drafting of amended claims in any such proceeding.

## IV. INADVERTENT DISCLOSURE

a. The production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection and the Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. If, during the course of this litigation, a Designating Party produces a document or any other piece of information that the Designating Party thereafter claims to be privileged or protected, the Designating Party may give notice to the Receiving Party in writing, and the Parties agree that the document or information will be returned to the Designating Party, and all copies, notes, quotations or summaries thereof will be destroyed within five (5) business days. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

## V. FILING WITH THE COURT

a. This Protective Order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without leave of court. A Party wishing to file under seal a document containing Confidential or Highly Confidential – Attorneys' Eyes Only information must make such a request via letter filed on ECF explaining briefly, without disclosing confidential matters, the reasons for seeking to file that submission under seal in accordance with Judge Cote's

Individual Practices. In accordance with Judge Cote's Individual Practices, any Party may file under seal with the Court any brief, document, or materials that are designated as containing Confidential Discovery Material under this Order.

b. If a Party wishes to file in the public record a document that another Designating Party has designated as Confidential Discovery Material, the Party must first file the document provisionally under seal. The Designating Party shall have five business days to move to maintain the document under seal.

c. Any document filed under seal under must be served on counsel for each Party via email on the same day it was filed.

d. Court administrators are directed to maintain the confidentiality of all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed that have been designated, in whole or in part, as Confidential or Highly Confidential – Attorneys' Eyes Only, by any Designating Party, consistent with the sealing requirements of the Court.

e. Confidential Discovery Material may be used in a non-public submission to any special discovery master in accordance with the preferences of that special discovery master.

f. Confidential Discovery Material may be offered into evidence at trial or hearing on preliminary injunction, however, the parties agree to jointly petition

the Court to establish procedures to protect such Confidential Discovery Material at trial or hearing before any such trial or hearing is begun.

## VI. REASONABLE PRECAUTIONS AND STORAGE

a. Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any designated Confidential Discovery Material. If the Receiving Party learns of any improper disclosure of Confidential Discovery Material, the Receiving Party's counsel shall attempt to obtain all copies of the disclosed Confidential Discovery Material and shall inform the Designating Party promptly of the disclosure and the surrounding circumstances, but no later than three (3) business days after discovery of such disclosure. Confidential Discovery Material subject to the terms of this Order shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Confidential Discovery Material will be unlikely to obtain access to it.

## VII. DOCUMENT DISPOSAL

a. Except as otherwise agreed in writing by the Parties, within sixty (60) days of the conclusion of the above captioned case, including any related appeal(s), each Party must return to the Designating Party all documents and original hard copies of documents, to the extent any original hard copies are produced, containing the Designating Party's Confidential or Highly Confidential – Attorneys' Eyes Only information, and must destroy all notes, memoranda, or other materials derived from

or in any way revealing Confidential or Highly Confidential – Attorneys' Eyes Only information. Alternatively, if the Designating Party agrees, or if return is not feasible (e.g., for certain ESI, including electronically produced and stored documents and electronic copies of any documents produced as hard copies), the Party may destroy all documents and copies of documents containing the Designating Party's Confidential or Highly Confidential – Attorneys' Eyes Only information and provide certification of such destruction within sixty (60) days of the conclusion of the above captioned case, including any related appeal(s). Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

b. Notwithstanding the foregoing, Outside Counsel of record shall be entitled to maintain, for archival purposes only, copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial and hearing transcripts, exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and attorney work product that refers or relates to any Confidential Discovery Material. Any such archived copies that contain or constitute Confidential Discovery Material shall remain subject to this Order and shall be maintained in confidence by Outside Counsel for the Receiving Party retaining such materials.

## VIII. ORIGINALS

a. A legible photocopy or scanned copy of a document may be used as the "original" for all purposes in this action. The actual "original," if in format other than electronic format, must be made available to any other Party within ten days after a written request.

## IX. PROVISION OF LEGAL ADVICE

a. This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client an evaluation in a general way of Confidential Discovery Material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any Discovery Material produced herein, which disclosure would be contrary to the terms of this Order.

## X. JOINDER OF PARTIES

a. This Order shall be binding upon any party joined in the litigation unless and until the Court, pursuant to a request by the joined party or on its own accord, orders that the joined party is not subject to the terms of the Order.

## XI. SURVIVAL OF OBLIGATIONS

a. This Order's obligations regarding Confidential Discovery Material shall survive the conclusion of this litigation.

**IT IS SO ORDERED.**

August 31, 2026

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 21 of 22

# APPENDIX 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Metrom Rail, LLC,<br>Plaintiff,<br>v.<br>Hitachi Rail GTS USA, Inc. and Piper Networks, Inc.,<br>Defendants. | Case No. 1:23-cv-02920-DLC |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, ________________, state the following under penalties of perjury as provided by ______________. I will be receiving Confidential or Highly Confidential – Attorneys' Eyes Only information that is covered by the Court's protective order dated ________. I have read the Court's protective order and understand that the Confidential or Highly Confidential – Attorneys' Eyes Only information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree not to use any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information disclosed to me pursuant to the Order for any purpose other than to provide assistance or review of the above-captioned litigation or settlement thereof, and I agree not to disclose any such "Confidential" or "Highly Confidential – Attorneys'

Case 1:23-cv-02920-DLC Document 68-1 Filed 08/28/26 Page 22 of 22

Eyes Only" information to persons other than those specifically authorized by said Order, without the express written consent of the Party who designated such information as being confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of said Order.

I understand that I am to retain all documents or materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in his matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information are to be returned to counsel who provided me with such documents and materials.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

Dated:__________________ By:__________________________________

Name:________________________________

Title:_________________________________

Company:_____________________________